(37 Misc. Rep. 83.)

### LORD et al. v. HULL et al.

(Supreme Court, Special Term, New York County. January, 1902.)

AUTHORITY OF PARTNER.

    A member of a firm of architects, who was practically managing the business of the firm, one member thereof being abroad and another engaged in matters not connected with the firm's affairs, who contracts for plans of a residence and mausoleum, is acting within the scope of the firm's business, and the contract is binding upon them.

Action by Austin W. Lord and another against Washington Hull and another for an accounting and for the construction of an agreement. Judgment for plaintiffs against defendant Hull.

J. Albert Lane, for plaintiffs.

John Henry Hull, for defendant Hull.

Henry B. Culver, for defendant Murchison.

FITZGERALD, J. This action is for an accounting between partners and for the interpretation of an agreement. The parties originally were Messrs. Lord and Hewlett, plaintiffs, and Mr. Washington Hull, defendant, all three persons composing the firm of Lord, Hewlett & Hull, architects. The agreement to be interpreted is as follows:

"February 18, 1896.

"K. M. Murchison, Jr., Esq.—Dear Sir: Our proposition for the proposed residence and mausoleum for William A. Clark, Esq., for which sketches are now being prepared in this office, is as follows: The above-mentioned work is to be done under the name of Lord, Hewlett & Hull & K. M. Murchison, Jr., associate architects. For the work on the mausoleum 15 per cent. of the gross commission is to be paid to you, and 15 per cent. of the gross commission is to be paid to Horace B. Collins. For the work on the residence 10 per cent. of the gross commission is to be paid to you, and any drafting or other work that shall be done by you under our direction in connection with either of these contracts shall be paid for by us at a rate to be agreed upon between you and ourselves.

    "Very truly yours,　　　　　　Lord, Hewlett & Hull.

"Accepted: K. M. Murchison, Jr."

By an order of this court duly filed on November 6, 1901, it was ordered "that Kenneth M. Murchison, Jr., be brought in as a party defendant in this action; that the summons and complaint be, and the same hereby are, amended by inserting therein the name of said party defendant; and that he have leave to serve a notice of appearance and an answer herein upon both the plaintiffs and defendant, Hull, within four days after the entry of this order." Mr.

Murchison thereafter, in compliance with the terms of the above-recited order, duly served his verified answer as therein permitted, which answer, among other things, alleged substantially: That the agreement above set forth was made for a valuable consideration; that the commissions were duly paid thereunder down to and including March 4, 1901, since which time, notwithstanding the fact that large sums for commissions have been received by the firm of architects, all further payments have been refused him. The articles of copartnership of Lord, Hewlett & Hull provide: "That all the expense that may be required for the support and management of the business and all profits and all losses shall be borne and paid between them equally." It appears that the defendant Murchison had been, for some time previous to the making of the agreement in suit, acquainted with Mr. Clark, a gentleman of large wealth, who was then contemplating the erection of a mausoleum at Woodlawn Cemetery and the building of a residence in the city of New York; that Messrs. Lord, Hewlett & Hull were very anxious to secure employment, professionally, upon either or both of these proposed undertakings, and that it was for the purpose of promoting such desires upon their part that Mr. Murchison introduced Mr. Hewlett to Mr. Clark. This introduction took place December 25, 1895, and the date of the agreement with Murchison is within two months of that time. It was signed, on behalf of the firm of architects, by Hewlett, who was then practically managing the business of the copartnership, Mr. Lord being abroad, and Mr. Hull being largely engaged upon matters not connected with the firm's affairs. Hewlett claims that he showed a copy of the agreement, in pencil, to Hull, three days before the day of its date. This statement is questioned by Mr. Hull, but no doubt can be entertained but that the following facts are established by the proofs submitted upon the trial: That work upon the mausoleum was begun in the summer of 1896, and the monument was completed in November or December of the following year; that the percentage provided in the agreement was paid Murchison from the commissions as collected without protest; that Murchison also received his percentage of the commissions collected for services rendered in connection with the residence without objection having been interposed until about March, 1901; that the first of these commissions upon the house was received July 5, 1898, and that Mr. Hull, the defendant, personally signed the firm's name to a check for $600, given to Murchison in payment of his pro rata of the sum collected from Mr. Clark; that thereafter various other payments were made Murchison; that Hull's objection, made on March 4, 1901, was to the payment of a sum of $2,000 at that time on account of Murchison's share of the gross commissions, but that he consented to the payment of $1,000. Since this last-mentioned date, March 4, 1901, Murchison has received no payments, while it is admitted other sums on account of commissions have been collected by the firm. Defendant Hull has withdrawn one-third of the sum so since collected, amounting to $800, which amount he refuses to pay to Murchison, or to account for to his partners, so as to enable them

to properly discharge the indebtedness of the copartnership. It is well established that an agreement made by a partner for and on behalf of a firm of which he was a member and for the benefit of that firm is a binding contract. "Each member of a firm is the general agent of the firm in relation to all the business of the firm, and can bind the firm in what he says and does in such business." Bank v. Underhill, 102 N. Y. 340, 7 N. E. 294. "Each partner possesses an equal and general power and authority in behalf of the firm to dispose of the partnership property and effects for any and all purposes within the scope of the partnership and in the course of its trade and business." Welles v. March, 30 N. Y. 350. "Each member of the firm, by virtue of the partnership relation, has authority to bind his firm by all acts and representations apparently within the scope of its business." Bank v. Bradner, 44 N. Y. 680. "It is a principle of universal application that each partner is, in contemplation of law, the general and accredited agent of the whole firm, with power as such to bind it in all matters within the scope of, and which legitimately pertain to, the partnership business." 17 Am. & Eng. Enc. Law, 987, and the cases there cited. These and numerous other authorities are conclusive upon this subject; but when it is additionally established that this agreement was subsequently recognized by all the members of the copartnership to the extent that numerous payments were made thereunder, I am unable to conceive upon what theory one member of the firm can now claim that he should be permitted to dispute it. The defendant Hull at this late day cannot be allowed to repudiate his share of a liability so entered into. It would be most inequitable to permit him to enjoy the profits resulting therefrom while ignoring his obligations thereunder. His partners testify that without the aid of Mr. Murchison the firm could neither have obtained employment upon the mausoleum nor the residence. That this employment was most advantageous is absolutely shown, and that it constituted a valuable consideration for the agreement is beyond dispute. Under its terms the defendant Murchison is entitled to receive 10 per cent. of the gross commissions received by Lord, Hewlett & Hull from Mr. Clark for work done or to be done upon his residence. The contention that Murchison is not a proper party defendant cannot now be considered. There is certainly some authority for the order made allowing him to be brought in. It was upon his own petition, and in an action in equity. A court of equity, having once acquired jurisdiction, "retains it to the end, even though it may turn out that adequate relief is reached by a merely personal judgment." Van Rensselaer v. Van Rensselaer, 113 N. Y. 214, 21 N. E. 77. But, irrespective of all this, the order, if improper, should have been appealed from directly. Sims v. Bonner, 21 Civ. Proc. R. 380, 16 N. Y. Supp. 801. Judgment for plaintiffs and defendant Murchison, with costs.

Judgment accordingly.